UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**VINCENT MARTINEZ,**
        **Petitioner,**

v.                                Case No. 18-CV-716

**BRIAN FOSTER,**
        **Respondent.**

# RECOMMENDATION

### 1. Facts and Procedural History

In 2003, Victor Martinez was convicted of aggravated battery with intent to cause substantial bodily harm. (ECF No. 5-1 at 2.) He was sentenced to three and a half years in prison and ten years of extended supervision. (*Id.*) He was released to supervision in 2010. (*Id.*)

In August 2013, the Wisconsin Department of Corrections initiated proceedings to revoke Martinez's extended supervision. The department alleged eight violations of the conditions of his extended supervision: (1) beginning on January 8, 2013, he pursued a relationship with K.V. without his supervising agent's approval; (2) on January 8, 2013, Martinez failed to provide true and correct information to his supervising agent; (3) on July 4, 2013, Martinez strangled K.V.; (4) on July 4, 2013,

Martinez beat K.V., requiring 11 stitches to her face; (5) on August 4, 2013, Martinez consumed alcohol; (6) on August 4, 2013, Martinez punched C.J.; (7) on August 4, 2013, Martinez possessed a knife; and (8) on August 4, 2013, Martinez called K.V. 30 times. (ECF No. 18-1 at 8.)

In a statement Martinez provided to his supervising agent, he denied possessing a knife, said he "got ambushed," and said that he was "just friends" with K.V., with whom he had not had any sexual contact. (ECF No. 18-1 at 6.) Martinez also denied punching or choking K.V. and said that K.V. had told him she was injured when she fell down some stairs. (ECF No. 18-1 at 7.) Martinez did, however, admit to consuming alcohol. (ECF No. 18-1 at 6.)

On October 22, 2013, an administrative law judge (ALJ) with the State of Wisconsin Division of Hearings and Appeals revoked Martinez's extended supervision. (ECF No. 5-1 at 4.) The ALJ found that Martinez violated the rules of his supervision by physically assaulting K.V., requiring that she receive 11 stitches to her face; by punching C.J. and possessing a knife; by lying to his supervising agent about pursuing a relationship with K.V. without his agent's approval; and by calling and texting K.V. repeatedly after she told him to stop. (ECF No. 5-1 at 3.) Martinez was returned to prison.

Martinez then filed a habeas petition in Wisconsin circuit court in 2014, alleging ineffective assistance of counsel at his revocation hearing, as well as due process

violations by the ALJ. (ECF No. 5-1 at 26-27.) Specifically, Martinez alleged that his counsel failed to object: (1) to the hearsay testimony of a police officer and Martinez's supervising agent, (2) on due process grounds that Martinez was unable to confront and cross-examine adverse witnesses, and (3) to the ALJ's failure to determine good cause for the victims' failure to appear and be subject to cross-examination. (*Id*. at 38.) The circuit court dismissed his petition, finding that Martinez had other adequate remedies at law. (*Id.* at 26-30.) The Wisconsin Court of Appeals affirmed. (*Id*. at 32-49.)

Martinez then filed the present petition for a writ of habeas corpus. Martinez alleges his attorney was ineffective because she did not object to certain hearsay testimony or to the failure of the ALJ to make a finding of good cause for witnesses failing to appear at the hearing. (ECF No. 1 at 6-7.) He also argues that the ALJ did not determine that the statements of the absent witnesses were reliable. (ECF No. 1 at 8.) Finally, he argues that the supervising agent failed to provide him with exculpatory evidence. (ECF No. 1 at 9.)

The respondent has moved to dismiss the petition. (ECF No. 14.)

**2. Ineffective Assistance of Counsel**

The respondent argues that Martinez's ineffective assistance of counsel claims fail because there is no right to counsel during extended supervision revocation proceedings. The Constitution does not guarantee every defendant a right to counsel in revocation proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). Rather, the need for

3

counsel must be assessed on a case-by-case basis, and counsel must be appointed for indigent defendants facing revocation only if necessary to satisfy due process. *Id.* at 789-90. If there was no constitutional right to counsel, then the petitioner has no basis to claim he received ineffective assistance.

The right to counsel in revocation proceedings "presumptively attaches when a defendant has a colorable claim that he has not violated the conditions of release, or if he has 'a substantial case to make against revocation, notwithstanding any violation, that may be difficult to develop or present.'" *United States v. Jones*, 861 F.3d 687, 690 (7th Cir. 2017) (quoting *United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015)); *see also, e.g.*, *United States v. Turok*, 699 F. App'x 569, 570 (7th Cir. 2017) (noting that due process may require the appointment of counsel if the defendant disputes the allegations, disputes the appropriateness of revocation, or asserts "substantial and complex grounds in mitigation"); *United States v. Brown*, 690 F. App'x 421, 423 (7th Cir. 2017) (same); *United States v. Jiles*, 672 F. App'x 598, 599 (7th Cir. 2017) (same). The respondent argues that Martinez was not entitled to have counsel appointed (and thus has no right to effective assistance) because he has not denied violating the conditions of his release.

The court finds that Martinez's denials of the charges that he provided to his supervising agent constituted a sufficiently "colorable claim that he ha[d] not violated the conditions of release" such that he was constitutionally entitled to the appointment

4

of counsel. Consequently, Martinez was entitled to receive the effective assistance of counsel. To the extent it is the respondent's argument that a denial of the violations must also be contained in the federal habeas petition (*see, e.g.*, ECF Nos. 15 at 4; 19 at 2), the court does not read the controlling case law, *see, e.g., Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *United States v. Eskridge*, 445 F.3d 930, 932 (7th Cir. 2006), as imposing such an obligation. Rather, the right to counsel is triggered if, as part of the revocation proceedings, the defendant/petitioner adequately denies the violations. Martinez did so by way of his statement to his agent. (ECF No. 18-1 at 6-7.) Just as a defendant surely could not retroactively trigger a right to counsel by arguing for the first time in a federal habeas petition that he did not violate the conditions of release, the court finds no reason to conclude he abandons his right to counsel by failing to reassert his innocence in his federal petition.

Nor is the court persuaded that a defendant's right to counsel always requires that he deny the allegations in their entirety. Although admitting that he had consumed alcohol, Martinez disputed the most serious allegations that were undoubtedly the most material to the revocation of his extended supervision. While the court of appeals noted that a single violation is a sufficient basis to revoke a defendant's extended supervision, (ECF No. 5-1 at 41, ¶16), the court is not persuaded that admitting a single violation necessarily negates a defendant's right to counsel. The respondent certainly has not proven as much.

5

Therefore, the court finds that Martinez's claims of ineffective assistance of counsel are not subject to dismissal at this time.

3.  **Administrative Law Judge**

Martinez also claims that the ALJ did not explicitly find that the absent victim witnesses' hearsay statements were reliable. (ECF No. 1 at 8.) The respondent argues that Martinez procedurally defaulted this claim because the state court's decision rested on adequate and independent state-law grounds. (ECF No. 15 at 6.) Specifically, the respondent argues:

> The Wisconsin Court of Appeals found that Martinez's appeal was limited to his ineffective assistance claims because it found that Martinez did not challenge the State's contention that his claims against the ALJ were not cognizable in habeas. (Dkt. 5-1:33.) Since Martinez did not challenge the State's position, the court of appeals refused to consider the issue. As a result, Martinez's claim against the ALJ is procedurally defaulted.

(ECF No. 15 at 6-7.)

Martinez challenged his revocation by filing a petition for a writ of habeas corpus in circuit court. Under Wisconsin law, with respect to challenges to revocation, only claims that cannot be presented through other means (for example, claims alleging ineffective assistance of counsel) may be presented by way of a petition for a writ of habeas corpus. (ECF No. 5-1 at 33, fn. 1 (citing *State ex rel. Krieger v. Borgen*, 2004 WI App 163, 15, 276 Wis. 2d 96, 687 N.W.2d 79; *see also State ex rel. Vamlerbeke v. Endicott*, 210 Wis. 2d 502, 522, 563 N.W.2d 883 (1997).) A claim that an ALJ committed a legal error in a revocation proceeding may be presented through certiorari review. (ECF No. 5-1 at 33,

fn. 1.) Therefore, such a claim is not cognizable by way of a habeas petition. (ECF No. 5-1 at 33, fn. 1.) Consequently, the court of appeals reviewed "the circuit court's dismissal of Martinez's habeas petition only with regard to his ineffective assistance of counsel claims." (ECF No. 5-1 at 33, fn. 1.)

A federal court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To bar federal court review the state court must have "clearly and expressly" stated that its judgment rests upon the state law ground. *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the decision of the last state court to have reviewed the petitioner's claim "fairly appears to rest primarily on federal law, or to be interwoven with the federal law," *Coleman*, 501 U.S. at 735 (quoting *Mich. v. Long*, 463 U.S. 1032, 1040-41 (1983)), the independent and adequate state ground doctrine shall not bar the federal court from considering the merits of the petitioner's claim. *Id.*

The last state court to have reviewed Martinez's claim was the court of appeals. It explicitly stated it was not considering Martinez's alleged errors by the ALJ because, as a matter of state law, they were not properly presented by way of a petition for a writ of habeas corpus. (ECF No. 5-1 at 33, fn. 1.) Consequently, Martinez procedurally defaulted this claim. *See Coleman*, 501 U.S. at 750.

Procedural default can be excused only if a petitioner shows that dismissal would result in a miscarriage of justice, *Schlup v. Delo*, 513 U.S. 298, 315 (1995), or shows cause for the default and prejudice attributable thereto, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)**.** A petitioner may satisfy the miscarriage of justice exception if he can show that, because of newly discovered evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 327). Under the cause-and-prejudice exception, showing "cause" ordinarily requires that the petitioner demonstrate that some objective and external factor impeded his efforts to comply. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Martinez has not argued, much less demonstrated, that cause and prejudice exist to excuse his procedural default or that a failure to consider his defaulted claim would result in a miscarriage of justice. Therefore, his claim fails. *Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014) (citing *Franklin v. Gilmore,* 188 F.3d 877, 884–85 (7th Cir. 1999)) (refusing to consider cause and prejudice or miscarriage of justice exceptions when not argued by petitioner).

Accordingly, a federal court is precluded from considering the merits of Martinez's claims regarding the ALJ's alleged errors. Although Martinez argues that the court of appeals' application of state law was incorrect (ECF No. 18 at 12-14), an error of state law is not a basis for federal habeas relief. *Lechner v. Frank*, 341 F.3d 635, 642 (7th

Cir. 2003) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). With regard to the adequate and independent state law grounds exception, all that matters is that the court of appeals rejected Martinez's claim pursuant to state, rather than federal, law.

**4. Exculpatory Evidence**

Finally, Martinez argues that his supervising agent failed to disclose exculpatory evidence—specifically, K.V.'s medical records, where she reported to medical staff that she was injured by falling down stairs and while playing softball. (ECF No. 1 at 9.) The respondent argues that Martinez failed to present this claim in the state courts. As such, it is unexhausted.

Martinez concedes this claim is unexhausted but asks that the court hold his petition in abeyance so he may exhaust the claim in state court. (ECF No. 18 at 16.) Martinez argues stay and abeyance is appropriate because he did not obtain the medical records until after the court of appeals remanded his petition to the circuit court. He contends that at that point he was constrained by the scope of the court of appeals' remand order and could not add this new claim. However, after his habeas petition was denied, he began the process of exhausting this additional claim. He states the claim is presently pending in the court of appeals. (ECF No. 18 at 17.)

A district court may stay a mixed habeas petition and hold it in abeyance while the petitioner exhausts state-court remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). The purpose of the stay and abeyance procedure is to ensure that the one-year

9

Case 2:18-cv-00716-PP Filed 01/11/19 Page 9 of 11 Document 20

limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not expire pending exhaustion of claims in state court. However, a stay and abeyance is available only when (1) there was good cause for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner did not engage in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78.

In reply, the respondent addresses Martinez's request for stay and abeyance only by saying, "while Martinez enumerates a list of actions he has taken, he does not formulate an argument for why he had good cause for his failure to exhaust the claim. (18:16–17.) This claim should be dismissed." (ECF No. 19 at 4-5.)

It appears Martinez's request for stay and abeyance is moot. According to online court records, on November 7, 2018, the Wisconsin Court of Appeals summarily affirmed the circuit court's decision. *State of Wisconsin ex rel. Martinez v. Hayes*, 2017AP2328 (Wis. Ct. App. Nov. 7, 2018). The court of appeals concluded that his petition was untimely. Martinez has not taken any further action in the court of appeals and did not seek review by the Wisconsin Supreme Court. The time for seeking review has passed. *See* Wis. Stat. 808.10(1).

Thus, Martinez's claim must be dismissed for at least two reasons. First, the claim remains unexhausted and has now been procedurally defaulted. Second, the

10

Case 2:18-cv-00716-PP    Filed 01/11/19    Page 10 of 11    Document 20

court of appeals rejected the claim based on adequate and independent state law grounds.

5. **Conclusion**

For the reasons set forth above, the court now **RECOMMENDS** that the respondent's motion to dismiss be **denied** as to grounds one ("Ms. Katherine Romanowich provided ineffective assistance of counsel in failing to object to the hearsay testimony of Officer Meilahn") and two ("Ms. Katherine Romanowich provided ineffective assistance of counsel by failing to object to the administrative law judge failure to make a good cause determination for the witnesses failuer to appear") and **granted** with respect to grounds three ("The administrative law judge did not determine that the absent witnesses hearsay statements were reliable") and four ("Martinez extended supervision agent failed to provide Martinez with exculpatory evidence").

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 11th day of January, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge